RECEIVED CLERK'S OFFICE

2008 AUG 20 A 9: 35

DISTRICT COURT
D OF SOUTH CAROLINA
COLUMBIA, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, ) | C/A No. 9:08-741-TLW-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| SC Department of Corrections; Doris P. Poole; and ) | |
| Jon Ozmint, ) | |
| ) | |
| Defendants. ) | |
| ) | |



The plaintiff, Harold Anderson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time of filing the complaint, Plaintiff was a prisoner within the South Carolina Department of Corrections (SCDC), but has since been released. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants SCDC, the director of SCDC and an employee of SCDC. The complaint is unclear, but the crux of Plaintiff's claim appears to be incorrect records concerning a date related to the crime for which Plaintiff was convicted. Plaintiff seeks monetary damages. Complaint at 7, 11-12.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The page numbers of the complaint referenced in this document are the page numbers assigned by the docketing system found at the top of each page of the document on the docket.

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).



This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff pled guilty in state court to drug distribution charges on October 4, 2004.[3] Plaintiff was sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

In March 2008, Plaintiff submitted for filing in this Court hundreds of hand written pages, a confusing array of documents, which appeared to be separate complaints against various defendants. Many of Plaintiff's submissions contained "Statement of Claim" or "Statement of Claim Continued" at the top, but were not attached to a particular complaint form or captioned page. This Court construed the documents submitted as seven separate cases and attempted to group the apparent random documents into the seven cases.[4] In all seven cases, the plaintiff failed to pay a filing fee or request to proceed *in forma pauperis*. On May 5, 2008, orders were issued in each case permitting Plaintiff to bring the case into proper form by providing the filing fee or

---

[3] The brief factual background of Plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from information in Plaintiff's contemporaneously filed case No. 9:08-742-TLW. A district court may take judicial notice of materials in the court's own files from prior proceedings. *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

[4] The case numbers for the seven cases are: 9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818.

*in forma pauperis* motion. The plaintiff complied by filing motions to proceed *in forma pauperis* which were granted in each case.

The complaint in this case names SCDC, the director of SCDC and an employee of SCDC as defendants, and appears to complain about incorrect SCDC records concerning a date related to the crime for which Plaintiff was convicted. Plaintiff seeks monetary damages, as well as discovery and "the defendant heald accounable to the fullest extent of the law."[sic]. Complaint at 7.

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).



4

The nineteen page document deemed a complaint in this case is a confusing conglomeration of narrative that provides very little factual allegations, and no allegations that can be construed as a claim. The complaint does not allege facts in a coherent progression that conveys information concerning how the Defendants have violated a constitutional right of Plaintiff. The Complaint alleges "neglect of duty" against Defendants Poole and Ozmint, but does not explain how that relates to a constitutional violation. Compl. at 3, 9. The complaint claims "a complet disreguard for my safety"[sic] but provides absolutely no facts relating to Plaintiff's safety. *Id.* The complaint makes conclusory statements, such as "[t]his is a violation of Eight Amend right to USCA and this is a violation of 5th Amend right to USCA and 14 Amend to USCA"[sic], apparently referring to Amendments of the U. S. Constitution. Compl. at 5, 17. However, no facts are provided that implicate violation by the Defendants of any of the listed constitutional amendments in relation to Plaintiff.

The complaint's general claim of rights being violated does not state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the

plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, the complaint requests monetary damages against SCDC, which is immune from suit in this § 1983 action. The Eleventh Amendment to the U. S. Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).



In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court discussed the application of the Eleventh Amendment in § 1983 actions, stating:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id.* at 66. The SCDC is an agency of the State of South Carolina. The court found that state

agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. *Id.* at 70. Although a State may consent to suit in a federal district court, which serves to waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Eleventh Amendment bars Plaintiff from bringing this § 1983 action against the Defendant in this Court. This case should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking "monetary relief against a defendant who is immune from such relief."

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The plaintiff's attention is directed to the notice on the following page.

August 19, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P. O. Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8